IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| SUMMER PRODUCTIONS, LLC, | ) |
| | ) CASE NO. BK13-81929 |
| Debtor(s). | ) A14-8025 |
| RICHARD D. MYERS, Trustee of the | ) |
| Summer Productions, LLC, Chapter 7 | ) |
| Bankruptcy Estate, | ) |
| | ) |
| Plaintiff, | ) CHAPTER 7 |
| | ) |
| vs. | ) |
| | ) |
| DOUGLAS A. DICK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 16) and resistance by the defendant (Fil. No. 27). Erin R. Robak represents the plaintiff, and Kristopher K. Madsen and Zachary M. Winter represent the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The bankruptcy trustee filed this adversary proceeding to avoid and recover an alleged preferential transfer of $20,000. He moves for summary judgment on the basis of a lack of a genuine issue of material fact. For the reasons stated below, the motion is denied.

The following facts are established by the evidence or are otherwise uncontroverted for purposes of this motion:

1. The operating agreement for the debtor, Summer Productions, LLC, was entered into on May 28, 2013.

2. Jason Dick held a 31.5 percent membership in the debtor. Four other members held ownership interests of 31.5 percent, 27 percent, 9 percent, and 1 percent, respectively.

3. The debtor's business was an event it held during the June 2013 College World Series baseball tournament in Omaha, Nebraska.

4. The debtor entered a lease agreement with Rolling River, LLC, doing business as The River City Star, on May 17, 2013, for certain premises to be used for the event from June 11, 2013, to June 24, 2013.

5. Under the terms of the lease, the debtor was to pay $48,000 in rent for the premises in three installments: $18,000 upon execution of the lease, $15,000 on June 12, 2013, and $15,000 on July 6, 2013.

6. Defendant Douglas A. Dick is the father of Jason Dick.

7. On or before May 16, 2013, Douglas Dick loaned $18,000 to the debtor.

8. On or about May 16, 2013, the debtor made, executed and delivered to Douglas Dick an unsecured promissory note in the principal sum of $18,000, plus a fixed interest amount of $2,000.

9. According to the terms of the note, it was a bridge loan that would mature when the debtor obtained alternate financing.

10. On or about June 11, 2013, Douglas Dick received $20,000 from the debtor in full repayment of the note.

11. The debtor filed a Chapter 7 bankruptcy petition on September 13, 2013.

12. The court has jurisdiction over this adversary proceeding and venue is proper.

Section 547 of the Bankruptcy Code governs the avoidance of preferential transfer. Under that section, a bankruptcy trustee may, with some exceptions, recover transfers of property made by the debtor within 90 days before the bankruptcy petition was filed. *Barnhill v. Johnson*, 503 U.S. 393, 394 (1992).

> "Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." *Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.)*, 986 F.2d 228, 230 (8th Cir. 1993). The trustee must establish each of these elements by a preponderance of the evidence. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (8th Cir. B.A.P. 2000).

*Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010).

The defendant asserts that genuine issues of fact exist as to some of the preference elements. First, the defendant argues that the property transferred was not property of the debtor. Second, the defendant argues that the debtor was solvent at the time of the transfer.

On the issue of whether the funds transferred to the defendant were property of the debtor, the defendant has submitted affidavit evidence that the $20,000 paid to the defendant came from the personal funds of Travis Freeman, another member of the debtor. The defendant is essentially relying on the "earmarking doctrine," which is a judicially created defense to preference claims. When new funds are provided by a new creditor to or for the benefit of the debtor for the purpose of paying the obligation owed to an old creditor, the funds are said to be "earmarked" and the payment is held not to be a voidable preference. *McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enter., Ltd.)*, 859 F.2d 561, 565 (8th Cir. 1988). Under established caselaw, three elements must be present for the doctrine to apply: (1) the existence of an agreement between a lender and a debtor that new funds will be used to pay a specific antecedent debt, (2) the agreement is performed according to its terms, and (3) the transaction viewed as a whole does not result in any diminution of the estate. *Strauss v. Hollis (In re Matlock)*, 361 B.R. 879, 885 (Bankr. W.D. Mo. 2007).

Jason Dick and Douglas Dick both testified via affidavit that Mr. Freeman agreed to provide the envisioned alternate financing, and Douglas Dick stated in his affidavit that Mr. Freeman hand-delivered the $20,000 check, which was written on the debtor's account at American National Bank, to him on or about June 11, 2013. This evidence may satisfy two of the three requirements of earmarking. The existence of the third element – no diminution of the debtor's estate – is unclear, as the terms of Mr. Freeman's arrangement with the debtor are not part of the record. The defendant was an unsecured creditor, but there is no evidence in the record as to the deal the debtor made with Mr. Freeman for this financing. If the debtor traded an unsecured debt to the defendant for a secured debt to Mr. Freeman, then earmarking would not apply. *Matlock*, 361 B.R. at 886 ("The law on this point is clear: the earmarking doctrine does not apply when a security interest is given for funds to pay an unsecured debt.").[1] As it now stands, this is a factual issue.

The defendant also challenges the trustee's assertion that the transfer was made while the debtor was insolvent. The Bankruptcy Code's definition of "insolvent" is as follows:

> (32) The term "insolvent" means –
> (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of –
> (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
> (ii) property that may be exempted from property of the estate under section 522 of this title[.]

11 U.S.C. § 101(32).

---

[1] As an aside, and in the interest of fleshing out some of the facts of the case, the court notes that the trustee separately pursued Mr. Freeman to recover a transfer of approximately $25,000. In settlement of that lawsuit, Mr. Freeman paid the trustee $3,350 and withdrew his $140,000 proof of claim in the bankruptcy case, and the adversary proceeding was closed.

If the transfer was made within 90 days prior to the petition date, insolvency is presumed. § 547(f). Here, the transfer was 94 days[2] before the petition date, so the presumption does not apply. and the trustee must prove by a preponderance of the evidence that the debtor was insolvent at the time the transfer was made. *Killips v. Schropp (In re Prime Realty, Inc.)*, 380 B.R. 529, 534 (B.A.P. 8th Cir. 2007).

The trustee determined insolvency by looking at the daily balance in the debtor's checking account – the debtor's only asset – on the date of the transfer and subtracting the $30,000 due in lease payments to Rolling River on June 12 and July 6, along with some $8,700 in other debts owed at that time. The trustee also notes that the debtor's checking account began running a negative balance just six days later. A subsequently opened checking account with another financial institution never had more than approximately $3,200 in it.

The trustee's position on this point is not persuasive. Even using the trustee's figures, the debtor would have had approximately $11,000 in the checking account ($50,000 balance on June 11 less $30,000 rent less $8,700 in other debts). Moreover, if the date of the transfer is the relevant date, then the $30,000 in upcoming rental payments could be considered future debts and not liabilities on the date of the transfer. That clearly would make the debtor solvent.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The trustee has not established the elements of a preferential transfer at this juncture. Factual issues remain that preclude entry of summary judgment.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 16) is denied.

DATED:  April 8, 2015.

>                                  BY THE COURT:
>
>                                  /s/ Thomas L. Saladino
>                                  Chief Judge

---

[2]The trustee can move to recover transfers made more than 90 days prior to the petition date if the transferee is an insider. § 547(b)(4)(B). For purposes of this motion, the court assumes without deciding that the defendant is an insider.

Notice given by the Court to:
    *Erin R. Robak
    Kristopher K. Madsen
    Zachary M. Winter
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.